IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL ACTION |
| | ) NOS.  08-411 and 19-367 |
| | ) |
| | ) JUDGE JOY FLOWERS CONTI |
| | ) |
| vs. | ) |
| | ) |
| NICKY EVANS, | ) |
| | ) |
| Defendant, | ) |

## OPINION

Pending before the court is an emergency motion for compassionate release (Crim. No. 08-411, ECF No. 2902; and Crim. No. 19-367, ECF No. 35) filed by counsel on behalf of defendant Nicky Evans ("Evans").[1] The motion may be resolved without a response from the government because the Assistant United States Attorney informed the court by email that the government agrees that the motion should be granted.

There is one dispute remaining between the parties. Evans contends that he should be released to home confinement. The government contends that Evans should be placed at the Renewal Center. In the Judgment dated June 18, 2020, the court recognized that Evans had already served the majority of his sentence and recommended that "the remainder of the sentence be served at a community confinement center or on home incarceration." (Crim. No. 19-367, ECF No. 29). The Bureau of Prisons did not act on the court's recommendation. Evans has remained in custody at the Northeast Ohio Correctional Center ("NEOCC") for the past six months.

The court agrees with Evans that home confinement is appropriate under the facts and circumstances of this case. The difficulties in preventing an outbreak of the COVID-19 virus

---

[1] The pro se motion filed by Evans (Crim. No. 08-411, ECF No. 2895; Crim. No. 19-367, ECF No. 33) will be denied as moot.

within a congregant setting such as prison are well-established and similar concerns would be present at the Renewal Center. In addition, given the background of the offenses and Evan's history and characteristics, as set forth in the presentence investigation report (Crim. No. 19-367, ECF No. 13), placement at the Renewal Center may present risks that would be avoided by his placement on home detention. Evans' mother, Marlene Evans, is willing to allow him to reside with her upon his release from imprisonment and throughout his period of home detention. (ECF No. 2902-2).

The court finds, based upon the parties' agreement, that Evans established extraordinary and compelling reasons for immediate compassionate release. The court further finds that immediate compassionate release is consistent with the § 3553(a) sentencing factors and the applicable policies of the sentencing commission because during the sentencing on June 18, 2020, the court recommended that the remainder of his sentence be served at a halfway house or on home confinement. The court will add a supervised release condition of home detention for 180 days to aid Evans' transition to society, allow him to obtain gainful employment, and further fulfill the § 3553(a) sentencing factors.

Conclusion

For the reasons set forth above, the emergency motion for compassionate release (Crim. No. 08-411, ECF No. 2902; and Crim. No. 19-367, ECF No. 35) will be GRANTED and Evans' sentence at each case will be reduced to "time served." Nicky Evans shall be released from custody FORTHWITH to begin his term of supervised release.

An appropriate order follows.

BY THE COURT:

/s/ Joy Flowers Conti
Judge Joy Flowers Conti
Senior United States District Judge